UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RODNEY C. MAXWELL,

    Petitioner,

v.                                                   Case No. 3:19-cv-1109-MMH-JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

### I. Status

Petitioner Rodney Maxwell, an inmate of the Florida penal system, initiated this action on September 23, 2019, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[1] In the Petition, Maxwell challenges a 2014 state court (Duval County, Florida) judgment of conviction for kidnapping and sexual battery. He raises five grounds for relief. See Petition at 8-17, 22. Respondents have submitted a memorandum in opposition to the Petition, arguing that the Petition is untimely and procedurally defaulted. See Motion to Dismiss Petition for Writ of Habeas

---

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

Corpus (Response; Doc. 7). They also submitted exhibits. See Docs. 8-1 through 8-4. Maxwell filed a brief in reply. See Response to Respondents' Motion to Dismiss (Reply; Doc. 11). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that Maxwell has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d), and Maxwell argues that he timely filed his Petition. Reply at 12-13. The following procedural history is relevant to the one-year limitations issue. On January 28, 2013, the State of Florida charged Maxwell by Information in Duval County case number 16-2013-CF-000073-AXXX-MA with kidnapping (count one) and sexual battery (count two). Doc. 8-1 at 54. On June 4, 2014, at the conclusion of a trial, the jury found Maxwell guilty of both counts. Id. at 132-33. On July 10, 2014, the circuit court sentenced Maxwell to concurrent terms of life imprisonment for both counts. Id. at 160-67.

3

On direct appeal, Maxwell, with the benefit of counsel, filed an initial brief. Doc. 8-3 at 117-39. The State filed an answer brief. Id. at 141-71. The First District Court of Appeal (First DCA) affirmed Maxwell's convictions and sentences on June 3, 2015, id. at 173, and issued the mandate on June 19, 2015, id. at 175.

As Maxwell's convictions and sentences became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Maxwell's convictions and sentences became final when the time for filing a petition for certiorari review in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). The time for Maxwell to file a petition for writ of certiorari expired on Tuesday, September 1, 2015 (ninety days after June 3, 2015). See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). Accordingly, Maxwell had until September 1, 2016, to file a federal habeas petition. He did not file the instant Petition until September 23, 2019.

4

Therefore, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

The one-year limitations period began to run on September 2, 2015, and ran for 259 days until May 18, 2016, when Maxwell filed a pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 8-3 at 180-99. The circuit court denied the Rule 3.850 motion on November 28, 2017, id. at 200-06, and denied the motion for rehearing on January 3, 2018, id. at 286-87. Maxwell filed his notice of appeal in the First DCA on February 5, 2018. Id. at 290-91. On January 3, 2019, the First DCA ordered Maxwell to show cause why his appeal should not be dismissed because it appeared he did not timely file his notice of appeal. Doc. 8-4 at 207. Maxwell filed a response arguing that he timely filed his notice of appeal. Id. at 209-19. Unpersuaded, the First DCA dismissed Maxwell's appeal on February 8, 2019, id. at 179, and denied his motion for rehearing on April 11, 2019, id. at 203.

Since Maxwell did not properly file his appeal of the circuit court's order denying his Rule 3.850 motion, the one-year limitations period continued to run from February 4, 2018,[2] until Maxwell filed a second Rule 3.850 motion on

---

[2] The Court accounts for the days in which Maxwell could have timely filed a notice of appeal following rendition of the circuit court's order denying his motion for rehearing on January 3, 2018. Doc. 8-3 at 286-87.

5

June 18, 2019. Docs. 8-3 at 286-87; 8-4 at 221-30. The one-year limitations period then ran for 499 days. Maxwell filed the instant Petition on September 23, 2019. Given the record, Maxwell's Petition is untimely filed and due to be dismissed.

However, in his Reply, Maxwell asserts the First DCA erroneously dismissed as untimely his appeal of the circuit court's order denying his Rule 3.850 motion. Reply at 12. Although a notice of appeal must be filed within 30 days following rendition of a circuit court's order, Maxwell argues the First DCA should have accounted for an additional 3 days because he receives and files legal papers through the mail. Id. Therefore, in his view, he timely filed his notice of appeal on February 5, 2019, and the Court should statutorily toll that time period. Id.

When "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," the one-year limitations period for filing a federal petition for writ of habeas corpus is tolled. 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (emphasis in

6

original). Such laws and rules may dictate the form and timeliness of filings, as well as the appropriate court in which to submit the filings. Id.

Here, the First DCA dismissed Maxwell's appeal after ordering him to show cause why his appeal should not be dismissed because it appeared he did not timely file his notice of appeal within 30 days of the circuit court's order denying rehearing. Doc. 8-4 at 179, 207. Therefore, Maxwell did not file his notice of appeal in conformance with the First DCA's rules governing filings. The Court gives due deference to the First DCA's application of state filing deadline rules. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (according due deference to state court's determination that petitioner's Rule 3.850 motion was time-barred). Because Maxwell did not properly file his state court notice of appeal, AEDPA's one-year limitations period did not toll during the time period in which the First DCA disposed of his appeal. See Artuz, 531 U.S. at 8. Given the record, Maxwell's Petition is untimely filed. Accordingly, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. Certificate of Appealability

## Pursuant to 28 U.S.C. § 2253(c)(1)

If Maxwell seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The

Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Maxwell "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' request to dismiss (Doc. 7) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Maxwell appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of April, 2022.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

9

Jax-9

C:  Rodney C. Maxwell #297508
    Counsel of record