UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RODNEY C. MAXWELL,

      Petitioner,

v.                                      Case No. 3:19-cv-1109-MMH-JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

      Respondents.

## ORDER

Petitioner Rodney Maxwell, an inmate of the Florida penal system, initiated this action on September 23, 2019, by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254. On April 20, 2022, the Court dismissed the Petition with prejudice as untimely (Order; Doc. 12). Before the Court is Maxwell's Motion for Relief from Judgment (Motion; Doc. 14) pursuant to Federal Rule of Civil Procedure 60(b)(6). Maxwell also submitted exhibits. Docs. 14-1 through 14-2. In the Motion, Maxwell requests that the Court grant him relief from its judgment dismissing his Petition and "reinstate" his Petition for further consideration. Motion at 3. He contends the Court "failed to ascertain whether the date of filing the notice of appeal [from

his Florida Rule of Criminal Procedure 3.850 Motion] was timely based on the calendar for February 5, 2018." Id. at 1.

As a threshold matter, this Court must determine whether it has jurisdiction to rule on Maxwell's Motion. See Woodson v. Sec'y, Dep't of Corr., No. 20-13405, 2022 WL 1234728, at *1 (11th Cir. Apr. 27, 2022) (per curiam); Adams v. Thaler, 679 F.3d 312, 319 (5th Cir. 2012). After a prisoner pursues one petition for federal habeas corpus relief, Congress has acted — in the interest of ending repetitive habeas filings by convicted prisoners — to require, as a jurisdictional matter, that an applicant filing a second or successive habeas petition first must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In 2005, the United States Supreme Court held that district courts have jurisdiction to consider Rule 60(b) motions in habeas corpus proceedings if the Rule 60 motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (footnote omitted). The Court stated:

> We hold that a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the

2

> movant's state conviction. A motion that, like petitioner's, challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3).

Id. at 537. Thus, when a Rule 60(b) motion "asserts that a previous ruling which precluded a merits determination was in error — for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," it is not on the merits and can properly be considered under Rule 60(b). Id. at 532 n.4. Accordingly, because Maxwell challenges the Court's ruling that his Petition was time barred, the Court has jurisdiction to consider the Motion. See Lugo v. Sec'y, Fla. Dep't of Corr. 750 F.3d 1198, 1210 (11th Cir. 2014) ("Where a Rule 60(b) motion challenges only a district court's prior ruling that a habeas petition was time-barred, it 'is not the equivalent of a successive habeas petition.'") (quoting Gonzalez, 545 U.S. at 535-56).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)   mistake, inadvertence, surprise, or excusable neglect;

3

>  (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>  (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>  (4)   the judgment is void;
>
>  (5)   the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6)   any other reason that justifies relief.

A Rule 60(b) motion "must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Maxwell filed the Motion under Rule 60(b)(6), the catchall provision of Rule 60(b), and challenges the Court's April 20, 2022 Order. His Motion, filed May 12, 2022, is timely filed.

The Court finds that Maxwell's argument in the instant Motion neither has merit, nor offers any basis for relief. The Eleventh Circuit set forth the standard of review under Rule 60(b)(6):

> Relief from "judgment under Rule 60(b)(6) is an extraordinary remedy." Booker v. Singletary, 90 F.3d 440, 442 (11th Cir. 1996) (citing Ritter v. Smith, 811 F.2d 1398, 1400 (11th Cir. 1987)). Consequently, relief

4

> under Rule 60(b)(6) requires showing "'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S.Ct. 2641, 2649, 162 L.Ed.2d 480 (2005) (quoting Ackermann v. United States, 340 U.S. 193, 199, 71 S.Ct. 209, 212, 95 L.Ed. 207 (1950)). "Even then, whether to grant the requested relief is … a matter for the district court's sound discretion." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000) (quoting Booker, 90 F.3d at 442).

Arthur v. Thomas, 739 F.3d 611 (11th Cir. 2014). Notably, in Gonzalez, the Supreme Court admonished that extraordinary circumstances warranting the reopening of a judgment "will rarely occur in the habeas context." 545 U.S. at 535.

Here, Maxwell has failed to demonstrate any extraordinary circumstances that justify the reopening of final judgment. Indeed, as the Court determined in its April 20, 2022 Order, Maxwell's Petition was untimely filed. That ruling remains factually and legally supported. The instant Motion presents no basis upon which Rule 60(b)(6) relief from the Court's judgment would be warranted. Accordingly, Maxwell's Rule 60(b) Motion is due to be denied.

Therefore, it is now

**ORDERED:**

1. Maxwell's Motion for Relief from Judgment (Doc. 14) is **DENIED**.

2. If Maxwell appeals the denial of the Rule 60(b) Motion, the Court denies a certificate of appealability.[1] Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of June, 2022.

MARCIA MORALES HOWARD
United States District Judge

---

[1] The Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Maxwell "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 84 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, if Maxwell seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted.

Jax-9
C:    Rodney C. Maxwell #297508
       Counsel of record